## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOSEPH W. DUNAGAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 20-CV-0393-CVE-JFJ |
| | ) | |
| MICHELLE LEHNUS, Medical Services | ) | |
| Administrator, Jess Dunn Correctional | ) | |
| Center, in her individual capacity; | ) | |
| JOHN DOE, M.D. or P.A., a physician at | ) | |
| O.U. Medical Center, in his individual | ) | |
| capacity; and | ) | |
| MICHAEL S. SCALF, M.D., a physician at | ) | |
| Cleveland Area Hospital, in his individual | ) | |
| capacity, | ) | |
| | ) | |
| Defendants. | ) | |

### OPINION AND ORDER

This matter is before the Court on the motion to dismiss (Dkt. # 15) filed by defendant

Michelle Lehnus, and the "motion to alter scheduling order" (Dkt. # 18) filed by plaintiff Joseph

Dunagan.[1]  Dunagan filed a response (Dkt. # 16) to the dismissal motion.  For the reasons that

follow, the Court grants Lehnus's dismissal motion, dismisses the complaint without prejudice, in

part, as to all claims asserted against Lehnus, and denies Dunagan's "motion to alter scheduling

order."

---

[1]     On March 29, 2021, defendant Michael Scalf filed a motion (Dkt. # 17) to deem confessed
his requests for admissions. Dunagan filed a response (Dkt. # 19) to that motion on March
30, 2021, and the Court granted Scalf leave to file a reply brief on or before April 13, 2021,
see Dkt. # 21.  Scalf's motion therefore remains pending and will be addressed in a separate
order after the reply brief is filed.

**I.**

Dunagan, a state prisoner appearing through counsel, commenced this action on August 7, 2020, by filing a civil rights complaint (Dkt. # 2) and seeks to vindicate the alleged violation of his Eighth and Fourteenth Amendment rights to adequate medical care. By order (Dkt. # 4) filed August 11, 2020, the Court screened the complaint, pursuant to 28 U.S.C. § 1915A, dismissed the complaint without prejudice, in part, for failure to state a plausible Fourteenth Amendment claim, and advised Dunagan that unless he filed an amended complaint he would be permitted to proceed only on the Eighth Amendment deliberate-indifference claim he asserts against each defendant in his or her individual capacity.[2] The Court further advised Dunagan that he would be responsible for presenting a summons for each defendant to the Clerk of Court for issuance and for serving each defendant with a summons and complaint in accordance with FED. R. CIV. P. 4. Dkt. # 4, at 3-4.

On January 5, 2021, the Court determined that the 90-day period to serve defendants, as provided in FED. R. CIV. P. 4(m), expired on November 5, 2020, and directed Dunagan to show cause why this action should not be dismissed without prejudice for failure to serve any defendants. Dkt. # 5, at 1-2. Two days later, on January 7, 2021, the Clerk of Court issued two summonses: one addressed to Lehnus, and the other addressed to defendant Michael Scalf. Dkt. # 6.[3] The summons issued for Lehnus provided the following service address: 2712 North 20th Street, Broken Arrow, Oklahoma 74012. Dkt. # 6, at 1.

---

[2]     To date, Dunagan has not filed an amended complaint.

[3]     Though not entirely clear from the record, it appears that Dunagan's counsel presented the completed summonses to the Clerk of Court via email for issuance, and the Clerk of Court returned the summonses to counsel by mail so that counsel could serve defendants.

Dunagan filed a response (Dkt. # 7) to this Court's order to show cause on January 14, 2021. In the response, he attributed the service delay to the ongoing coronavirus pandemic, stated that counsel "has located the [d]efendants and has issued the summonses for service," and moved for an extension of 35 days to serve defendants. Dkt. # 7, at 1. By minute order (Dkt. # 8) filed January 15, 2021, the Court provided Dunagan until February 19, 2021, to serve defendants.

On February 11, 2021, Dunagan filed two return-of-service affidavits. Dkt. ## 12, 13. The first affidavit reflects that a process server delivered a summons and a copy of the complaint to Scalf on January 10, 2021, at the residential address listed on the summons addressed to Scalf. See Dkt. # 6, at 2; Dkt. # 12. The second affidavit reflects that the same process server delivered a summons and a copy of the complaint to Lehnus on January 19, 2021, "by leaving a copy with Michelle Evangelistina, adult co-resident, at her usual place of residence, 2800 North 23rd Street Apartment # 912, Broken Arrow, Oklahoma." Dkt. # 13, at 1.

Scalf filed an answer (Dkt. # 11) on January 27, 2021, and the Court entered an initial scheduling order (Dkt. # 14) on February 19, 2021.

On March 1, 2021, Lehnus filed a motion to dismiss (Dkt. # 15), seeking dismissal of the complaint, in part, as to all claims asserted against Lehnus, for insufficient service of process. Dunagan filed a response (Dkt. # 16) in opposition to the motion on March 7, 2021. Dunagan filed a "motion to alter scheduling order" (Dkt. # 18) on March 29, 2021.

**II.**

Lehnus moves to dismiss the complaint as to all claims asserted against her, under FED. R. CIV. P. 12(b)(5), alleging that Dunagan failed to properly serve Lehnus with a summons and complaint. Dkt. # 15, at 1. With the dismissal motion, Lehnus submitted an affidavit (Dkt. # 15-1)

from Michele Evangelista Lehnus ("Michele").  In the affidavit, Michele identifies her address as 2800 North 23rd Street, Apartment 912, Broken Arrow, Oklahoma, identifies herself as Lehnus's sister-in-law, states that Lehnus does not live with her at 2800 North 23rd Street, Apartment 912, Broken Arrow, Oklahoma, and states that she is not the Michelle Lehnus identified in the complaint and that she did not accept service of the summons and complaint on Lehnus's behalf.  Dkt. # 15-1, at 1.[4]  Michele also states in her affidavit that on January 19, 2021, the same day the process server delivered the summons and complaint to her, she called the office of Dunagan's counsel and "informed the office . . . that [she] was not the Michelle Lehnus identified in the [s]ummons and [c]omplaint and that the documents had been delivered to [her] in error."  Dkt. # 15-1, at 1.

In his response to the dismissal motion, filed March 7, 2021, Dunagan states that "the process server communicated with [counsel] that [the process server] had obtained information that there were two Michelle's [sic] at the residence where the [s]ummons was delivered," states that he "believes that service was perfected because of the conversation [counsel] had with the process server," and requests "a hearing to determine how the process server determined there were two individuals named Michelle residing at this residence."  On March 29, 2021, Dunagan filed a "motion to alter the scheduling order" (Dkt. # 18).  In that motion, Dunagan reasserts his request for a hearing to determine how the process server determined there were two individuals named Michelle residing at the residence where the process server delivered the summons and complaint intended for Lehnus, requests that the scheduling order "be withdrawn until the case has a definite

---

[4]     Based on statements in Michele's affidavit, Michele Evangelista Lehnus appears to be the same person referred to as "Michelle Evangelistina" in the return-of-service affidavit signed by the process server.

direction with all [d]efendants," and asserts "that working on [the existing scheduling order] will actively deprive him of procedural due process."  Dkt. # 18, at 1.

### III.

Rule 12(b)(5) authorizes a court to dismiss a complaint for insufficient service of process. When a defendant seeks dismissal of a complaint based on insufficient service of process, the plaintiff bears the burden of proving that service was properly made.  See Fisher v. Lynch, 531 F. Supp. 2d 1253, 1260 (D. Kan. 2008) ("In opposing a motion to dismiss for insufficient service of process, plaintiff bears the burden to make a prima facie case that he has satisfied statutory and due process requirements so as to permit the Court to exercise personal jurisdiction over defendants.").

While Rule 12(b)(5) provides the procedure for challenging the sufficiency of service of process, FED. R. CIV. P. 4 provides the methods for service of process.  As relevant here,

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> | | |
> |---|---|
> | (A) | delivering a copy of the summons and of the complaint to the individual personally; |
> | (B) | leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or, |
> | (C) | delivering a copy of each to an agent authorized by appointment or by law to receive service of process. |

FED. R. CIV. P. 4(e).  Oklahoma law provides that an individual may be served through personal service, by mail, or, in some circumstances, by publication.  OKLA. STAT. tit. 12, § 2004.  Here,

Dunagan chose personal service which, under Oklahoma law, must be made in the same manner provided by FED. R. CIV. P. 4(e)(2). OKLA. STAT. tit. 12, § 2004(C)(1)(c)(1). And, under Oklahoma law, service of process is sufficient if a plaintiff substantially complies with the requirements set forth in § 2004. Hukill v. Okla. Native Am. Domestic Violence Coal., 542 F.3d 794, 798 (10th Cir. 2008). Under the substantial compliance doctrine, when a court finds that the plaintiff did not comply with service requirements, the court must "determine whether the found departure offends the standards of due process and thus may be deemed to have deprived a party of its fundamental right to notice." Hukill, 542 F.3d at 798 (quoting Shamblin v. Beasley, 967 P.2d 1200, 1209 (Okla. 1998)).

Even when a court determines that service is insufficient, dismissal is not required; rather, "when a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant." Pell v. Azar Nut Co., 711 F.2d 949, 950 n.2 (10th Cir. 1983). However, dismissal may be warranted if the plaintiff had sufficient opportunity to cure defects in service and failed to do so. See Jones v. Frank, 973 F.2d 872, 873-74 (10th Cir. 1992) (affirming district court's dismissal of complaint in light of the plaintiff's "complete failure to correct his service defects after being told what was wrong"); Warden v. DirecTV, LLC, 92 F. Supp. 3d 1140, 1145 (D. N.M. 2015) (finding dismissal appropriate when court gave the plaintiff "manifold and myriad opportunities to resolve" the failure to properly and timely serve defendant).

Finally, while Oklahoma law provides 180 days to complete service of process, FED. R. CIV. P. 4(m) establishes the time limit for service in a federal civil action and provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified

time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m).  In applying Rule 4(m), the district court must extend the time for service if the plaintiff demonstrates good cause for the failure to timely serve a defendant, and may extend the time for service even if the plaintiff fails to make that showing.  Espinoza v. United States, 52 F.3d 838, 841 (10th Cir. 1995).  In determining whether to grant a permissive extension, the court should consider various factors including whether the applicable statute of limitations may bar refiling of the complaint and whether the statutory requirements for service of process were particularly complex.  Espinoza, 52 F.3d at 842.

## IV.

Under the facts of this case, the Court finds, for three reasons, that Lehnus's Rule 12(b)(5) motion should be granted and that the complaint should be dismissed without prejudice, in part, as to all claims asserted against Lehnus.

First, Dunagan fails to demonstrate substantial compliance with state or federal requirements for personal service of a summons and complaint.  As previously discussed, the process server received for delivery (1) a summons addressed to Michelle Lehnus that identified Lehnus's address as 2712 North 20th Street, Broken Arrow, Oklahoma 74102, and (2) a copy of the complaint naming Michelle Lehnus as a defendant.  The process server nevertheless delivered the summons and complaint to Michele Evangelista Lehnus who lives at 2800 North 23rd Street, Apartment 912, Broken Arrow, Oklahoma and who is not identified as a defendant in the complaint.  It is clear from the record that this attempt to serve Lehnus did not satisfy either Rule 4(e) or OKLA. STAT. tit. 12, § 2004(c)(1)(C)(1).  The process server's affidavit and Michelle's affidavit demonstrate that the process server did not deliver the summons and complaint to Lehnus personally.  The summons

7

completed by Dunagan's counsel and Michele's affidavit demonstrate that Lehnus and Michele do not reside at the same address, thus there is no evidence that the process server left a copy of the summons and complaint at Lehnus's dwelling or usual place of abode.  And nothing in the record suggests that Lehnus authorized or that a court appointed Michele to receive service of process on Lehnus's behalf.  Even under Oklahoma's substantial-compliance doctrine, Dunagan's attempt to serve Lehnus is insufficient.  See Hukill, 52 F.3d at 800 (synthesizing holdings from several Oklahoma Supreme Court decisions and concluding "that the Oklahoma Supreme Court would hold that a plaintiff fails to substantially comply with a service statute specifying who is authorized to accept or refuse service on behalf of the defendant, when service is accepted or refused by an unauthorized person").

Second, Dunagan did not diligently attempt to timely serve, or re-serve, Lehnus.  Dunagan commenced this action on August 7, 2020, and did not submit any summonses with his complaint. Four days later, on August 11, 2020, this Court screened the complaint, as required by 28 U.S.C. § 1915A, entered an order dismissing the complaint, in part, and permitting Dunagan to proceed on an Eighth Amendment deliberate-indifference claim as to each individual defendant, and expressly advised Dunagan that he must present to the Clerk of Court a summons for each defendant and that he must serve each defendant with a summons and complaint in accordance with FED. R. CIV. P. 4. Dkt. # 4, at 3-4.  Under Rule 4(m), Dunagan had until November 5, 2020, to serve defendants.  Yet, despite an express statement from this Court reminding Dunagan that he must comply with the service requirements set forth in Rule 4, Dunagan failed to serve any defendants before the 90-day

period expired.[5]  On January 5, 2021, after nearly two more months passed with no evidence that

Dunagan served, or attempted to serve, any defendants, the Court directed Dunagan to show cause

why the complaint should not be dismissed.  Dunagan then promptly sought issuance of summonses,

on January 7, 2021.  However, even after the Court extended the service deadline to February 19,

2021, effectively giving Dunagan a total of 192 days to serve defendants, Dunagan failed to timely

serve Lehnus.  Rather, as just discussed, Dunagan tried and failed to serve Lehnus by having a

process server deliver the summons and complaint intended for Lehnus to the wrong address (and

the wrong Michele Lehnus) on January 19, 2021.  At that point, Dunagan still had 30 days to re-

serve Lehnus at the correct address, but there is no evidence that he made any effort to do so or that

he requested additional time to do so.  Under these facts, the Court cannot say that Dunagan

diligently attempted to timely serve Lehnus either before or after the insufficient attempt at service.

Third, the Court finds that the record supports Lehnus's request for dismissal because

Dunagan had ample opportunity to properly and timely serve Lehnus after being informed of service

defects.  As just discussed, Dunagan made no effort to serve any defendant within the allotted 90-

day period or within the 60-day period thereafter before the Court advised Dunagan that the case

---

[5]     Courts differ on whether the 90-day period for service of process should be tolled for the
time it takes for a court to resolve a motion to proceed in forma pauperis or to screen a
prisoner's civil right complaint.  Compare Murphy v. City of Tulsa, 556 F. App'x 664, 666-
67 (10th Cir. 2016) (unpublished) (noting that "the Tenth Circuit and the Supreme Court
have not yet spoken on the issue" and finding district court did not abuse its discretion when
it "declin[ed] to apply a tolling doctrine that neither tribunal has ever adopted"), with Wright
v. First Student, Inc., 710 F.3d 782, 783-84 (8th Cir. 2013) (gathering cases and noting that
delays in service that may be attributed to court, court officers, or court staff, rather than
plaintiff, should not count against plaintiff in determining compliance with Rule 4(m)).
Even granting Dunagan the benefit of the four days between the filing of the complaint and
the entry of this Court's order screening the complaint, Dunagan's 90-day service period
expired on November 9, 2020.

was subject to being dismissed.  Dunagan also failed to correct an obvious defect in serving Lehnus before the extended deadline of February 19, 2021, despite being informed by Michele, on January 19, 2021, that the process server delivered  Lehnus's summons and complaint to the wrong person at the wrong address.  Moreover, in response to the dismissal motion, Dunagan does not appear to dispute that counsel's office received information about the failure to properly serve Lehnus.  Instead, he inexplicably asserts that before considering whether to grant Lehnus's dismissal motion, this Court must conduct a hearing so that it can determine why the process server hired by counsel failed to deliver the summons and complaint to the address counsel provided on the summons addressed to Lehnus.[6]  Disregarding the illogical proposition that Dunagan's counsel could not obtain this information directly from the process server, Dunagan's attempt to shift the blame to the process server for failing to properly and timely serve Lehnus is wholly unpersuasive.  See Cox v. Sandia Corp., 941 F.2d 1124, 1125 (10th Cir. 1991) (noting that plaintiff's "counsel offer[ed] no valid excuse for allowing a significant portion of the time for service to run" and that "counsel must assume responsibility for the failure of a hired process server to timely effect service"); Putnam v. Morris, 833 F.2d 903, 905 (10th Cir. 1987) (noting "that it is trial counsel's responsibility to monitor the activity of the process server and to take reasonable steps to assure that a defendant is timely served").  As in Cox and Putnam, it was counsel's responsibility to properly and timely serve Lehnus and counsel failed to do so despite knowledge of service defects and opportunities to correct them.

---

[6]     Because the attempt to serve Lehnus is insufficient and untimely regardless of whatever the process server might have to say about why he determined he should leave Lehnus's summons and complaint with Lehnus's sister-in-law at an address not listed on the summons intended for Lehnus, the Court denies Dunagan's requests for a hearing to determine the process server's thought process.

## V.

Put simply, Dunagan's attempt to serve Lehnus with a summons and complaint is both insufficient and untimely.  And, under the particular facts of this case, the Court finds dismissal is warranted because Dunagan had time and opportunity to correct known service defects, he has not demonstrated good cause for a mandatory extension of the time to effect proper service, and the Court discerns nothing in the record to support a permissive extension of that time.  The Court therefore grants Lehnus's motion (Dkt. # 15) to dismiss and dismisses the complaint, without prejudice, in part, as to all claims asserted against Lehnus.  In light of this dismissal, the Court also finds no basis to grant Dunagan's request to withdraw the scheduling order and thus denies his "motion to alter scheduling order."

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1.    Dunagan's request for a hearing, as asserted in his response (Dkt. # 16) to Lehnus's dismissal motion is **denied**.

2.    Dunagan's "motion to alter scheduling order" (Dkt. # 18) is **denied**.

3.    Lehnus's motion to dismiss (Dkt. # 15) is **granted**.

4.    The complaint (Dkt. # 2) is **dismissed without prejudice**, in part, as to all claims asserted against defendant Michelle Lehnus and Lehnus is **dismissed without prejudice** from this action.

 **DATED** this 1st day of April, 2021.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

11